Filed 10/30/13  Safarian v. Cienfuegos CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BABKAN SAFARIAN, | B244443 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC465556) |
| v. | |
| DAVID P. CIENFUEGOS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Maureen Duffy-Lewis, Judge.  Affirmed.

California Lawyers Group, Inc., Mitra Chegini, David J. Castenholz for Plaintiff and Appellant.

David P. Cienfuegos, in pro. per., and for Defendants and Respondents.

_____

Plaintiff sued his former attorney for professional negligence. He then dismissed the lawsuit without prejudice and filed another action. Because the statute of limitations had run on professional negligence claims, plaintiff attempted to plead fraud. The trial court sustained without leave to amend a demurrer to plaintiff's first amended complaint, finding that plaintiff failed to adequately plead fraud. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**Allegations**

Plaintiff Babkan Safarian retained defendant David P. Cienfuegos and his firm, defendant Cienfuegos Co., Attorneys at Law, in November 2005, to provide legal assistance in connection with an action involving a condominium Safarian owned in Encino.[1] Before and during Safarian's ownership of the property, the governing homeowners association had obtained judgments against prior owners of the condominium. Cienfuegos represented to Safarian that his firm could handle the representation of Safarian's matter and successfully conclude it. In an August 2008 e-mail to plaintiff, Cienfuegos stated: "I do not want to waste a lot of time on this case and want to win it as soon as possible. How? Taking the HOA deposition and getting to admit what their CC&R states. Then I plan to file a motion for summary judgment and have judgment entered in our favor. Case closed. With any luck, it can be over in 4 months."

In November 2008, Cienfuegos represented to Safarian that executing a settlement agreement and a stipulated judgment prepared by the homeowners association would close the case and that Safarian would not be subject to any adverse consequences. Relying on Cienfuegos's representations, Safarian executed the settlement agreement and stipulated judgment. He eventually discovered, however, that the executed documents exposed him to liability for a debt that predated his ownership of the condominium.

---

[1] The allegations are taken from plaintiff's first amended complaint . We treat all properly pleaded facts as true. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

2

Separately, in around 2007, Safarian retained defendants to provide legal services in connection with forming a corporation. But defendants never completed the work necessary to form a single corporation.

From the date of the initial retainer, in November 2005, until November 2006, defendants presented Safarian with invoices for legal services rendered. These invoices totaled $9,660.31. In November 2008, defendants represented to Safarian that he owed them $70,000 and required him to execute a note and deed of trust in favor of defendant Cienfuegos Co. in that amount, without explaining to Safarian the legal consequences of the documents or that the documents could create a conflict of interest. Safarian did not owe $70,000 to defendants, as the last invoiced statement he received was for $9,660.31.

As a proximate result of defendants' conduct, Safarian was exposed to a judgment in excess of $40,000, he lost the condominium, and he had to pay out the sum of $194,408.79 upon the sale of the property, of which $67,511.52 was paid to the homeowners association and $126,897.27 was paid to defendants.

**Procedural History**

Safarian originally filed a case against defendants involving essentially the same facts, premised primarily on attorney malpractice, in December 2009 (SC106115). Safarian voluntarily dismissed that action in April 2011 prior to trial and before the court had decided on the merits of the case.

He filed the instant action in July 2011, alleging claims of constructive fraud; fraud—intentional misrepresentation of material facts; breach of fiduciary duty; negligent misrepresentation; and fraud—intentional nondisclosure of material facts. Defendants' demurrer to the original complaint was sustained, with the court noting that malpractice claims were barred by the statute of limitations. (Code Civ. Proc., § 340.6) Safarian was granted leave to amend, but only as to the fraud causes of action.

Safarian filed the first amended complaint in December 2011, pleading three causes of action: fraud—intentional misrepresentation of material facts; negligent misrepresentation; and fraud—intentional nondisclosure of material facts. Defendants again filed a demurrer, which was sustained. The trial court found: "Plaintiff fails to

allege any type of actionable fraud. While plaintiff uses the word 'fraud' a lot, the actions complained of would [amount] to legal malpractice, only." Leave to amend was denied.

## DISCUSSION

An appellate court reviews the ruling sustaining a demurrer de novo,[2] exercising independent judgment regarding whether the complaint states a cause of action as a matter of law. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We give the complaint a reasonable interpretation, treating the demurrer as admitting all material facts properly pleaded, but not assuming the truth of contentions, deductions or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) A demurrer tests the legal sufficiency of the complaint. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) As such, we are not concerned with the difficulties a plaintiff may have in proving the claims made in the complaint. (*Desai*, at p. 1115.) We are also unconcerned with the trial court's reasons for sustaining the demurrer, as it is the ruling, not the reasoning, that is reviewable. (*Sackett v. Wyatt* (1973) 32 Cal.App.3d 592, 598, fn. 2.)

On appeal, Safarian contends that the trial court erred by failing to recognize that the factual allegations underlying his original malpractice claims could also form the basis for fraud. He argues that he sufficiently pleaded fraud, and that since his fraud causes of action were not barred by the statute of limitations, the demurrer should have been overruled. Defendants counter that Safarian failed to adequately allege any fraud claims, particularly because the claims were not specifically pleaded.

Initially, we note that Safarian's first amended complaint contained three causes of action—two were fraud and one was for negligent misrepresentation. Safarian does not

---

[2] Safarian appealed from the order sustaining the demurrer, a nonappealable order. Later, a judgment of dismissal was filed. We construe the appeal to have been taken from the judgment of dismissal. (*Los Altos Golf & Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 202.)

4

argue in support of the negligent misrepresentation claim, possibly because he recognizes its defects. Safarian alleged negligent misrepresentation in his first amended complaint even though he was granted leave to amend only as to the fraud claims; the cause of action fails for this reason alone. (See *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 ["Following an order sustaining a demurrer or a motion for judgment on the pleadings with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order"].) Further, and in any event, the cause of action is barred by the statute of limitations. Safarian specifically alleged that he discovered the negligent misrepresentations in June 2009. The statute of limitations against an attorney for a wrongful act or omission, other than for actual fraud, is one year after the plaintiff discovers or should have discovered the facts constituting the wrongful act or omission. (Code Civ. Proc., § 340.6, subd. (a).) Because this action was filed in July 2011—well more than one year after the discovery of the alleged wrongdoing—the negligent misrepresentation cause of action was time-barred. (See *Quintilliani v. Mannerino* (1998) 62 Cal.App.4th 54, 70 [Code Civ. Proc., § 340.6's actual fraud exception does not apply to negligent misrepresentation].)

That leaves the two fraud claims, which are based upon similar factual allegations. Safarian is correct insofar as he argues that an attorney may be subject to a former client's claims for fraud in addition to malpractice. He is incorrect that acts or omissions which constitute malpractice also constitute fraud. "[T]he nature of a cause of action does not depend on the label the plaintiff gives it or the relief the plaintiff seeks but on the primary right involved." (*Bird, Marella, Boxer & Wolpert v. Superior Court* (2003) 106 Cal.App.4th 419, 427.) When the primary right involved is the right to competent legal representation, then the cause of action is for professional negligence. (*Ibid.*) When the thrust of the complaint involves the defendants' conduct subjecting the plaintiff to fraudulent billing practices, then claims other than professional negligence, such as fraud, are appropriate. (*Id.* at pp. 421, 427-428.)

Here, the primary right involved in the first amended complaint was the right to competent legal representation. Safarian alleged that Cienfuegos represented that his

5

firm could successfully handle the dispute involving Safarian's condominium, but that Safarian was ultimately counseled to enter into a settlement agreement and stipulated judgment that were not in his best interest. Safarian further alleged that defendants undertook to form a corporation on his behalf but did not do so. These allegations simply involved defendants' failure to adequately represent Safarian. According to his allegations, Safarian made out poorly in the case against the homeowners association and no corporation was formed. These allegations mimicked earlier allegations upon which Safarian pleaded nonfraud claims against defendants. Safarian could not simply re-label his causes of action as "fraud" and in this way avoid the statute of limitations.

Perhaps one allegation in Safarian's complaint could potentially provide the basis for a fraud claim. This was the allegation that Cienfuegos told Safarian that he owed defendants $70,000, even though the last invoice was for less than $10,000, and that Safarian was required to execute a note and deed of trust in favor of defendant Cienfuegos Co. for $70,000. Nevertheless, the demurrer was properly sustained because Safarian failed to plead the allegation with particularity.

"'Fraud actions . . . are subject to strict requirements of particularity in pleading. [A]llegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense. Accordingly the rule is everywhere followed that fraud must be specifically pleaded. . . . [T]he policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect.'" (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216, superseded by statute on other grounds as stated in *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 228.) "'"'This particularity requirement necessitates pleading facts which "show how, when, where, to whom, and by what means the representations were tendered."'"'" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.)

In his first amended complaint, Safarian vaguely alleged that on November 21, 2008, Cienfuegoes represented to Safarian that he owed defendants $70,000 and required

6

Safarian to execute a note and deed of trust. Safarian did not allege how this representation was made (including an approximation of the words or tactic used), where the representation was made, or by what means the representation was tendered (whether orally, by e-mail, or some other method). Furthermore, it is unclear from Safarian's ambiguous allegations whether or not he was actually indebted to Cienfuegos for $70,000—Safarian alleged that "the last invoiced statement on November 9, 2006, was $9,660.31," but it appears that Safarian continued to receive legal services from Cienfuegos well after November 2006. Were these allegations the foundation for some cause of action other than fraud they may be sufficient, but we do not construe the pleading of fraud liberally. (*Committee on Children's Television, Inc. v. General Foods Corp.*, *supra*, 35 Cal.3d 197, 216.) We therefore find that the demurrer was properly sustained.[3]

Moreover, we find that leave to amend is not warranted. Safarian bears the burden of demonstrating a reasonable possibly of curing the defects of his complaint by amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) In neither his opening brief nor his reply brief does Safarian make any attempt to explain how he could amend his complaint to sufficiently plead a viable fraud claim. Thus, there is no basis to reverse the trial court's order sustaining the demurrer without leave to amend.

---

[3]     One allegation that Safarian did plead with particularity was Cienfuegos's e-mail stating: "Then I plan to file a motion for summary judgment and have judgment entered in our favor. Case closed. With any luck, it can be over in 4 months." This statement, however, could not form the basis for a fraud claim. It can be assumed that a lawyer's "plan" will change as the case progresses. Further, Cienfuegos did not falsely represent that Safarian would win the case, only that "with any luck" the case would soon be over.

7

## DISPOSITION

The judgment of dismissal is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                        BOREN, P.J.

We concur:


ASHMANN-GERST, J.


FERNS, J.*

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.