Filed 6/23/14  Emme v. Morr CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RAYMOND EMME,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BONNIE MORR, et al.,<br><br>    Defendants and Respondents. | H039562<br>(Santa Cruz County<br>Super. Ct. No. CV174743) |

In this appeal plaintiff Raymond Emme seeks review of two orders sustaining the demurrers to his first amended complaint without leave to amend.  Representing himself on appeal (as he did in the proceedings below), plaintiff contends that he was not given a proper hearing on his tort and civil rights claims against the Santa Cruz Metropolitan District (the District) and some of its officials and employees.  We must uphold the orders dismissing plaintiff's complaint, however, because he did not submit argument demonstrating that his pleading stated facts constituting viable causes of action.

*Background*

Because this appeal arises from the sustaining of a demurrer, we summarize the underlying facts as they are stated in the operative pleading, the first amended complaint.  Toward this end "we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may properly be judicially noticed."  (*Crowley v.*

*Katleman* (1994) 8 Cal.4th 666, 672; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

Plaintiff filed his first amended complaint in propria persona on October 31, 2012, asserting 12 claims against the District, three of its employees, and a union official.[1] He alleged that the District was responsible for continual insults directed at him by District employees beginning in the 1980s. Plaintiff attempted to describe numerous events in which various employees, mostly bus drivers, insulted and ridiculed him with sexually charged names and crude gestures. The incidents plaintiff related took place from the 1980s through August or September of 2011. Much of the conduct he described was not attributed to any named defendant. He did relate how a woman plaintiff "believe[d]" to be defendant Bonnie Morr made sexual gestures while standing behind plaintiff; "this was in the late-1980s, early 1990s." Morr was allegedly liable for "conspiracy to slander," "procuring the breach of contract of carriage," negligent infliction of emotional distress, civil rights violations,[2] and the "tort of gross insult." Fouse, a supervisor, had discussed plaintiff's sexuality in August or September 2011. He was liable for the same violations as Morr, with the addition of negligent supervision and training.

Martinez had called plaintiff a disparaging name "back in the eighties." In "later years" when Martinez was a supervisor, he "quadrupled his efforts to vilify the plaintiff." Then, "about five years back," Martinez spotted plaintiff and again yelled out an insulting name. No other specific dates were attributed to Martinez's conduct other than "in later years." Similarly, Moreau had called plaintiff a disparaging name on July 13, 2011, but

---

[1] The individual defendants were Manuel Martinez, a bus driver and, later, a supervisor; Dave Moreau, a "Paracruz" employee; Brent Fouse, a supervisor; and Bonnie Morr, a "Union Local 23 official."

[2] Plaintiff invoked Civil Code section 52.1 (interference with the exercise of civil rights), conspiracy to interfere with civil rights (42 U.S.C. § 1985, subd. (3)), failure to prevent violation of civil rights (42 U.S.C. § 1986)

2

no other acts after that date were described in the complaint. Martinez and Moreau were accused as "joint tortfeasors" along with the District of "conspiracy to slander," violating plaintiff's "right to intrastate travel," violation of his civil rights,[3] "procuring the breach of contract of common carrier," negligent infliction of emotional distress, negligent supervision and training, and "the tort of gross insult."

Plaintiff described other incidents of alleged harassment and name calling by unnamed bus employees occurring over the 30 years he had been using the bus system. He sought damages against Morr, Fouse, Martinez, and Moreau according to proof, and $2 million against the District for compensatory and punitive damages.

All defendants except Morr demurred on January 9, 2012. Apparently Morr separately demurred as well, but her pleading is not in the appellate record. The demurrers were heard separately. On March 20, 2012, the superior court sustained Morr's demurrer without leave to amend, noting that plaintiff had not submitted any opposition. On April 3, 2013, after a hearing, a different judge of the superior court sustained the remaining defendants' demurrer, also without leave to amend. In its written order the court reasoned that the first amended complaint, like its predecessor pleading, was "uncertain, ambiguous, and unintelligible." In both orders, the court dismissed the first amended complaint, making the orders cognizable on plaintiff's April 25, 2013 appeal.

*Discussion*

*1. Standard and Scope of Review*

"A demurrer is properly sustained when the complaint 'does not state facts sufficient to constitute a cause of action,' or where the court 'has no jurisdiction of the subject of the cause of action alleged in the pleading.' (Code Civ. Proc., § 430.10, subds.

---

[3] Martinez and Moreau were accused of violating 42 U.S.C. section 1983 in addition to the civil rights provisions invoked against Morr and Fouse.

(e), (a).)" (*Debrunner v. Deutsche Bank Nat. Trust Co.* (2012) 204 Cal.App.4th 433, 438.) " 'On appeal from a dismissal following the sustaining of a demurrer, this court reviews the complaint de novo to determine whether it alleges facts stating a cause of action under any legal theory.... [¶] Because the function of a demurrer is not to test the truth or accuracy of the facts alleged in the complaint, we assume the truth of all properly pleaded factual allegations. [Citation.] Whether the plaintiff will be able to prove these allegations is not relevant; our focus is on the legal sufficiency of the complaint.' " (*Ibid.*, quoting *Los Altos Golf and Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 203.) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We do not, however, assume the truth of "mere contentions or assertions contradicted by judicially noticeable facts." (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; see also *Blatty v. New York Times Co.* (1986) 42 Cal.3d 1033, 1040 ["when the allegations of the complaint contradict or are inconsistent with such facts, we accept the latter and reject the former"].) Nor do we assume the truth of "contentions, deductions or conclusions of law." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) Finally, when the demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Sandhu v. Lockheed Missiles & Space Co.* (1994) 26 Cal.App.4th 846, 850.)

At the outset it is clear that although plaintiff appealed from both orders, he is not challenging the order sustaining Morr's demurrer. Not only has he omitted her demurrer from the appellate record, but he expressly states that his "entire argument is based on the Reporter's Transcript" of the hearing on the other defendants' demurrer. Any intended challenge with respect to the ruling on Morr's demurrer has been abandoned.

4

At the hearing on the remaining defendants' demurrer, the Honorable Robert B. Atack, a retired judge sitting by assignment, observed that plaintiff had not responded to the demurrer. Judge Atack asked plaintiff why the court should allow any further amendment, since the first amended complaint was "vague [and] uncertain, and it fails to state facts sufficient to constitute causes of action." Plaintiff suggested one example of an "obvious" cause of action, the "conspiracy to slander," by beginning a description "off the top of [his] head" of an incident involving Martinez. The court explained that this account did not state a cause of action. Citing plaintiff's failure to file any opposition, the court sustained the demurrer.

Plaintiff's first contention with respect to this hearing is expressed entirely in the following sentence: "The retired Judge *did not notify me of my right not to stipulate* to a *pro tem* Judge." He then complains that the hearing was brief, without an opportunity to make "an oral motion to default my opponents-- not even ascertaining if they were in default. [The judge] did *not* ask why litigants in the matter failed to 'show up.' He never spoke to the opposing attorney. He ended a critical pretrial hearing in 4 minutes, 23 seconds. Never once did he inquire of me if I had *any oral argument* to present against [t]he demurrer of [the District]. *Never* did the issue of their *strict liability* come up."

None of plaintiff's arguments can succeed on appeal. He expressed no objection at the demurrer hearing to Judge Atack's assignment, nor does he offer any reason the judge was not authorized to proceed. The constitutional provision he cites for stipulated hearings by temporary judges (Cal. Const. art VI, § 21) is inapplicable here; retired judges are assigned by the Chief Justice pursuant to a different section of the constitution. (See Cal. Const. art VI, § 6(e); *Estate of Zahn* (1971) 16 Cal.App.3d 106, 116.) These two constitutional provisions are distinct and operate differently from each other. (*Pickens v. Johnson* (1954) 42 Cal.2d 399, 409.)

At the hearing Judge Atack tried to explain to plaintiff that there was no basis for arguing default, because defendants had properly and timely demurred and only that

5

matter was before the court. Plaintiff's assertion that he should have been allowed to argue defendants' default appears to be based on the perceived untimeliness of the demurrer, which was filed on January 9, 2012, just over two months after the first amended complaint. To the extent that plaintiff may be relying on Code of Civil Procedure section 430.40,[4] that section does not prescribe time limits for demurrers to amended complaints and cross-complaints. (*McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 280 [no statutory time limit for demurring to amended complaint].) In any event, it does not appear from the record that plaintiff had formally sought entry of defendants' default.

Finally, plaintiff's complaint that the court did not invite oral argument against the demurrer is belied by the record; the judge specifically asked plaintiff if there was any reason he should not sustain the demurrer without leave to amend, since plaintiff had not submitted any written opposition.

Aside from his procedural confusion, nothing in plaintiff's appellate brief suggests that his complaint was legally sufficient. At the hearing plaintiff's only argument on the merits was his attempt to relate facts he believed constituted "conspiracy to slander." Judge Atack explained that those facts did not state a viable cause of action, and on appeal plaintiff does not assert that the judge's view was erroneous. Nor does he present any argument addressing the lower court's express finding that the vagueness and uncertainty of the complaint made success impossible. Instead, he focuses on what the court did *not* say: the court "never discusses *common carrier doctrine*, nor 'missing' defendants; *not one* of my 12 causes of action is mentioned." But it was not up to the court to set forth the issues raised in plaintiff's complaint; it was plaintiff's obligation to

---

[4] Code of Civil Procedure section 430.40 states, in relevant part, "(a) A person against whom a complaint or cross-complaint has been filed may, within 30 days after service of the complaint or cross-complaint, demur to the complaint or cross-complaint."

help himself resist demurrer by telling the court why this pleading stated legally sufficient causes of action. He was unable to do so.

Neither at the hearing nor on appeal has plaintiff suggested that he can further amend his complaint to withstand another demurrer. Thus, because plaintiff has not stated any viable ground for reversal, we are compelled to uphold the rulings sustaining the demurrers without leave to amend.

*Disposition*

The March 20 and April 3, 2013 orders dismissing plaintiff's first amended complaint without leave to amend are affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

7