[No. D042038. Fourth Dist., Div. One. Apr. 9, 2004.]

BARRATT AMERICAN, INCORPORATED, Plaintiff and Appellant, v. THE CITY OF SAN DIEGO et al., Defendants and Respondents.

## COUNSEL

Walter P. McNeill for Plaintiff and Appellant.

Casey Gwinn, City Attorney, Anita M. Noone, Assistant City Attorney, and John P. Mullen, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**O'ROURKE, J.**—Barratt American, Incorporated (Barratt) appeals from a judgment entered in favor of the City of San Diego and the City Council of the City of San Diego (collectively the City) after the superior court sustained the City's demurrer and also struck portions of Barratt's complaint, and Barratt dismissed the remainder of its action. Barratt's lawsuit in part challenged a City resolution authorizing a facilities benefit assessment for certain property as violative of article XIII D of the California Constitution (added by the initiative commonly known as Proposition 218). The court

sustained the City's demurrer without leave to amend and granted its motion to strike on grounds Barratt's challenge to the resolution was barred by the 30-day limitations period of Code of Civil Procedure[1] section 329.5, and that Proposition 218 did not apply to the resolution in any event.

Barratt contends the court abused its discretion in sustaining the City's demurrer and striking portions of its pleadings relating to the resolution because (1) the resolution establishes an assessment that should have been adopted in accordance with Proposition 218's requirements; (2) Proposition 218 and ensuing legislation abrogated the limitations period of section 329.5; and (3) the assessment is not a fee or charge imposed as a condition of property development that is exempt from Proposition 218 (Cal. Const., art. XIII D, § 1). We hold Proposition 218 does not abrogate, repeal or otherwise invalidate section 329.5's 30-day limitations period for challenging the validity of an assessment against real property for public improvements, and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 25, 2002, the City Council of the City of San Diego adopted its Resolution R-296730 (the FBA resolution), which established a facilities benefit assessment (benefit assessment) in an area of the City of San Diego known as Pacific Highlands Ranch.[3] The FBA resolution provides for funding

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] In reviewing the court's order sustaining the City's demurrer, we accept as true the properly pleaded material factual allegations of Barratt's complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We base our factual recitation on those allegations, the exhibits attached to and incorporated by reference in the complaint, and matters of which we may properly take judicial notice. (*Ibid.*; *Crowley v. Katleman* (1994) 8 Cal.4th 666, 672 [34 Cal.Rptr.2d 386, 881 P.2d 1083]; *Blatty v. New York Times Co.* (1986) 42 Cal.3d 1033, 1040–1041 [232 Cal.Rptr. 542, 728 P.2d 1177]; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1033, fn. 2 [134 Cal.Rptr.2d 260].) Without objection from Barrett, the City had asked the superior court and now asks this court to take judicial notice of various City Council resolutions and City planning documents, a ballot measure for the Pacific Highlands Ranch area of the City of San Diego, and certified copies of San Diego Municipal Code sections 61.2200–61.2216 as legislative enactments under Evidence Code section 452, subdivision (b). We deny the request for judicial notice of these items as they are ultimately irrelevant to the limited question we resolve on this appeal. (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 559, fn. 3 [71 Cal.Rptr.2d 731, 950 P.2d 1086]; *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73]; see also *People v. Rowland* (1992) 4 Cal.4th 238, 268, fn. 6 [14 Cal.Rptr.2d 377, 841 P.2d 897].)

[3] Barratt alleges the facilities benefit assessment is a "new and increased" assessment; the City maintains the FBA resolution simply increased the assessment that had been previously imposed as a result of a Public Facilities Financing Plan approved by the City Council in September 1998. The point is not germane to resolution of this appeal, as Proposition 218 requires all "existing, new or increased" assessments falling within its ambit to comply with its provisions. (Cal. Const., art. XIII D, § 5.)

of facilities projects, including freeway and road construction and improvements, police and fire protection, and sewers and pipelines. Barratt, a residential developer, owns parcels within Pacific Highlands Ranch that are in process of development. Barratt alleges it must pay the City any assessments required by the City in connection with the issuance of a building permit or property development, including the benefit assessments imposed by the FBA resolution.

On August 2, 2002, 58 days after the FBA resolution's approval, Barratt filed the present action to determine its validity.[4] In its first cause of action, labeled a "validation" action, Barratt alleged the FBA resolution imposed an assessment within the meaning of article XIII D of the California Constitution (hereafter article XIII D), and that the FBA resolution was unconstitutional, invalid and void because it was not adopted in accordance with the procedures, conditions and limitations of that article. In its third cause of action, Barratt alleged the FBA resolution was "contradictory, self-canceling, inconsistent and overlapping" with respect to another resolution (see fn. 4, *ante*) so as to render it unconstitutionally vague, unenforceable, and void as a matter of law. Barratt's fourth cause of action sought declaratory and injunctive relief.

The City demurred to Barratt's first cause of action on the ground it was time-barred under section 329.5, which provides a 30-day time period by which to file an action contesting the validity of an assessment against real property for public improvements. On the same ground, the City moved to strike portions of the third and fourth causes of action to the extent they challenged the FBA resolution's validity. In response, Barratt argued Proposition 218 invalidated the limitations period of section 329.5 or rendered it inapplicable; that section 329.5 was irreconcilable with Proposition 218, which required assessments such as the benefit assessment to be adopted only through the constitutionally mandated proceedings prescribed by article XIII D, section 4. Barratt argued it had complied with the 60-day period set forth in sections 860 and 863 for validation proceedings, which was the only applicable limitations period. It finally argued its action was timely under the doctrine of continuing violations in that the statute of limitations began anew each time the City continued to impose the benefit assessment.

The court rejected these arguments and sustained the City's demurrer without leave to amend. It ruled the action was barred under section 329.5

---

[4] Barratt additionally challenged Resolution No. R-296731, adopted by the City at the same time it adopted the FBA resolution, which establishes a development impact fee schedule for properties within Pacific Highlands Ranch. Barratt dismissed those portions of its complaint challenging that resolution after the trial court disposed of its causes of action and allegations relating to the FBA resolution. Resolution No. R-296731 is not at issue in this appeal.

because Barratt's complaint was filed more than 30 days after the benefit assessment's levy. It granted the City's motion to strike allegations attacking the FBA resolution in Barratt's third and fourth causes of action. Barratt thereafter voluntarily dismissed without prejudice its second and third causes of action, as well as the portions of its fourth cause of action that did not challenge the validity of the FBA resolution. The court entered judgment in the City's favor.

## DISCUSSION

### I.   *Bar of* Section 329.5

We begin with Barratt's argument that the limitations period of section 329.5 was abrogated by Proposition 218 and subsequent legislation, specifically the "Proposition 218 Omnibus Implementation Act" of Government Code sections 53750 et seq. If section 329.5 applies to Barratt's challenge, our inquiry ends because Barratt's complaint unquestionably reveals the action was filed more than 30 days from June 25, 2002, the date the City adopted, and therefore levied,[5] the benefit assessment that is the subject of the FBA resolution.

Barratt's challenge to the validity and constitutionality of section 329.5 presents a question of law that this court decides on independent review of the facts. (*Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2001) 24 Cal.4th 830, 836 [102 Cal.Rptr.2d 719, 14 P.3d 930] (*Apartment Assn. of Los Angeles County*); see *California Apartment Assn. v. City of Fremont* (2002) 97 Cal.App.4th 693, 699 [118 Cal.Rptr.2d 603]; *Redevelopment Agency of the City of Long Beach v. County of Los Angeles* (1999) 75 Cal.App.4th 68, 73 [89 Cal.Rptr.2d 10] [rules of construction and interpretation applicable when considering statutes equally apply in interpreting constitutional provisions].)

Section 329.5, enacted in 1959 (Stats. 1959, ch. 1007, § 1, p. 3028) provides in part: "The validity of an assessment or supplemental assessment

---

[5] See *Harrison v. Board of Supervisors* (1975) 44 Cal.App.3d 852 [118 Cal.Rptr. 828] and *Fahey v. City Council* (1962) 208 Cal.App.2d 667, 676–677 [25 Cal.Rptr. 314]. These cases hold that an assessment under the Streets and Highways Code is levied, and the 30-day period to contest the validity of such an assessment under Streets and Highways Code section 10400 begins to run, the day the board of supervisors votes by resolution to levy the assessment. (*Harrison v. Board of Supervisors*, at p. 862.) Notably, Streets and Highways Code section 10400 has very similar wording to Code of Civil Procedure section 329.5. Barratt does not challenge the City's application of the above-stated rule to these circumstances, and therefore we assume, without deciding the question, the rule is equally applicable to the FBA assessment.

against real property for public improvements, the proceedings for which are prescribed by the legislative body of any chartered city, shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the assessment is levied, or such longer period as the legislative body may provide." Barrett does not argue the benefit assessment is not the sort of assessment that would fall within section 329.5's language, and the City concedes the benefit assessment is a special assessment against real property for public improvements as that term is defined by the California Supreme Court. (*Knox v. City of Orland* (1992) 4 Cal.4th 132, 136, fn. 1, 142 [14 Cal.Rptr.2d 159, 841 P.2d 144].)

Barratt's argument rests on two propositions: First, that article XIII D, section 5 "general[ly] abrogated" all statutes of limitation, and second, that "[i]t is not legally possible for the FBA challenged in this action to be an assessment 'the proceedings for which are prescribed by the legislative body of any chartered city' " because assessments must now be adopted under the provisions of article XIII D. The latter assertion is based on the premise that all assessments, including the benefit assessment, are governed by Proposition 218. We need not decide the validity of that premise, however, for even if we assume the benefit assessment imposed by the FBA resolution must comply with Proposition 218, we nevertheless hold Proposition 218 does not repeal, abrogate or otherwise invalidate the limitations period of section 329.5.

A. *Background*

We set out the now familiar history of Proposition 218 to provide some context to our discussion: " 'Proposition 218 can best be understood against its historical background, which begins in 1978 with the adoption of Proposition 13. "The purpose of Proposition 13 was to cut local property taxes. [Citation.]" [Citation.] Its principal provisions limited ad valorem property taxes to 1 percent of a property's assessed valuation and limited increases in the assessed valuation to 2 percent per year unless and until the property changed hands. (Cal. Const., art. XIII A, §§ 1, 2.)

" 'To prevent local governments from subverting its limitations, Proposition 13 also prohibited counties, cities, and special districts from enacting any special tax without a two-thirds vote of the electorate. (Cal. Const., art. XIII A, § 4; *Rider v. County of San Diego* (1991) 1 Cal.4th 1, 6–7 [2 Cal.Rptr.2d 490, 820 P.2d 1000].) It has been held, however, that a special assessment is not a special tax within the meaning of Proposition 13. [Citation.] Accordingly, a special assessment could be imposed without a two-thirds vote.

" 'In November 1996, in part to change this rule, the electorate adopted Proposition 218, which added articles XIII C and XIII D to the California

Constitution. Proposition 218 allows only four types of local property taxes: (1) an ad valorem property tax; (2) a special tax; (3) an assessment; and (4) a fee or charge. (Cal. Const., art. XIII D, § 3, subd. (a)(1)–(4); see also [*id.*], § 2, subd. (a).) It buttresses Proposition 13's limitations on ad valorem property taxes and special taxes by placing analogous restrictions on assessments, fees, and charges.' " (*Apartment Assn. of Los Angeles County, supra,* 24 Cal.4th at p. 836–837, quoting *Howard Jarvis Taxpayers Assn. v. City of Riverside* (1999) 73 Cal.App.4th 679, 681–682 [86 Cal.Rptr.2d 592].)

Proposition 218, entitled the "Right to Vote on Taxes Act," stated the measure's purpose: "The people of the State of California hereby find and declare that Proposition 13 was intended to provide effective tax relief and to require voter approval of tax increases. However, local governments have subjected taxpayers to excessive tax, assessment, fee and charge increases that not only frustrate the purposes of voter approval for tax increases, but also threaten the economic security of all Californians and the California economy itself. This measure protects taxpayers by limiting the methods by which local governments exact revenue from taxpayers without their consent." (See Historical Notes, 2A West's Ann. Cal. Const. (2004 supp.) foll. art. XIII C, § 1, p. 55; *Apartment Assn. of Los Angeles County, supra,* 24 Cal.4th at p. 838.)

Before the first provisions of Proposition 218 became effective on July 1, 1997, the Legislature adopted the Proposition 218 Omnibus Implementation Act (the Omnibus Act). (Gov. Code, §§ 53750–53753.5.) The Legislature directed that the Act "shall be liberally construed to effectuate its purposes of limiting local government revenue and enhancing taxpayer consent." (See Historical and Statutory Notes, 36A West's Ann. Gov. Code (2004 supp.) foll. § 53750, p. 87.) The Omnibus Act was specifically intended to clarify any of Proposition 218's inconsistencies with preexisting statutes affecting local government finance. (*Ibid.*)

B.  *Proposition 218 Does Not Impliedly Repeal, Abrogate or Otherwise Invalidate Section 329.5*

Barratt contends the directive in article XIII D, section 5—"Beginning July 1, 1997, all existing, new, or increased assessments shall comply with this article"—generally abolishes any statute of limitations. It argues, pursuant to that section, "no statute of limitations stands in the way of Plaintiff's remedy." We disagree.

We apply the principles set out by the court in *Board of Retirement v. Superior Court* (2002) 101 Cal.App.4th 1062, 1067–1068 [124 Cal.Rptr.2d 850]: " ' "[A]ll presumptions are against a repeal by implication. [Citations.]"

[Citation.] Absent an express declaration of legislative intent, we will find an implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.' " [Citation.]' [Citation.] The same standards apply in determining whether a constitutional amendment impliedly repealed a statutory provision. [Citations.] ' "[S]o strong is the presumption against implied repeals that when a new enactment conflicts with an existing provision, '[i]n order for the second law to repeal or supersede the first, the former must constitute a revision of the entire subject, so that the court may say that it was intended to be a substitute for the first.' " ' "

■ Related to these principles are those by which we presume a statute's constitutionality when confronted with facial challenges to its validity. It is a "bedrock principle that courts are exceedingly reluctant to declare legislation unconstitutional. . . . 'All presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their [un]constitutionality clearly, positively and unmistakably appears.' " (*Personal Watercraft Coalition v. Board of Supervisors* (2002) 100 Cal.App.4th 129, 137 [122 Cal.Rptr.2d 425], quoting *Lockheed Aircraft Corp. v. Superior Court* (1946) 28 Cal.2d 481, 484 [171 P.2d 21].) A statute will not be deemed facially invalid on constitutional grounds unless its provisions present a total and fatal conflict with applicable constitutional prohibitions in all of its applications. (*East Bay Asian Local Development Corp. v. State of California* (2000) 24 Cal.4th 693, 709 [102 Cal.Rptr.2d 280, 13 P.3d 1122].)

■ Neither Proposition 218 nor the Omnibus Act mention section 329.5 or any other statute setting forth a limitations period, nor do they prescribe any period by which a legal challenge to an assessment levied under its provisions must be made. While Proposition 218 expressly references the local agency's *burden of proof* in any legal challenge contesting the validity of an assessment, nothing in the constitutional provisions it added addresses the *timing* of such challenges.[6] We interpret its directive that "all existing, new, or increased assessments shall comply with this article" (art. XIII D, § 5) to mean that those assessments falling within its purview must meet the enumerated procedures and approval process set forth in its provisions, including section 4 of article XIII D. Under that section, such an assessment may not be imposed unless "(1) the agency identifies 'all parcels which will

---

[6] The sole reference to legal actions contesting the validity of assessments is in article XIII D, section 4, subdivision (f), which provides: "In any legal action contesting the validity of any assessment, the burden shall be on the agency to demonstrate that the property or properties in question receive a special benefit over and above the benefits conferred on the public at large and that the amount of any contested assessment is proportional to, and no greater than, the benefits conferred on the property or properties in question."

have a special benefit conferred upon them and upon which an assessment will be imposed' [citation]; (2) the agency obtains an engineer's report that supports the assessment [citation]; (3) the assessment does not exceed the reasonable cost of the proportional special benefit conferred on the affected parcel [citation]; and (4) after giving notice to affected property owners and holding a public hearing, the agency does not receive a majority protest based on ballots 'weighted according to the proportional financial obligation of the affected property' " (*Richmond v. Shasta Community Services Dist.* (2004) 32 Cal.4th 409, 418 [9 Cal.Rptr.3d 121, 83 P.3d 518]; see also *Howard Jarvis Taxpayers Assn. v. City of Riverside, supra*, 73 Cal.App.4th at p. 682.)

■ Proposition 218 thus conflicts with and renders unconstitutional contradictory procedures or process leading to the *adoption or levy* of an assessment falling within its ambit. It does not conflict with process or procedures relating to the timing of legal challenges to such an assessment.

Government Code section 53753 of the Omnibus Act supports this interpretation. It provides: "The notice, protest and hearing requirements imposed by this section supersede any statutory provisions *applicable to the levy* of a new or increased assessment that is in existence on the effective date of this section, whether or not that provision is in conflict with this article. Any agency that complies with the notice, protest, and hearing requirements of this section shall not be required to comply with any other statutory notice, protest, and hearing requirements that would otherwise be applicable to the levy of a new or increased assessment, with the exception of Division 4.5 (commencing with Section 3100) of the Streets and Highways Code. If the requirements of that division apply to the levy of a new or increased assessment, the levying agency shall comply with the notice, protest and hearing requirements imposed by this section as well as with the requirements of that division." (Gov. Code, § 53753, subd. (a), italics added.)

■ The plain language of article XIII D and the Omnibus Act does not support the conclusion that the electorate intended to supplant, or effectively supplanted, the short 30-day time period for filing legal challenges to assessments set forth in section 329.5. Nor does the history of Proposition 218's adoption—which reveals the drafter's main concern was guaranteeing property owners the right to vote on proposed local tax increases even when they were labeled as assessments or fees (*Apartment Assn. of Los Angeles, supra*, 24 Cal.4th at p. 839)—indicate any such intent. Barrett has not pointed to anything in either Proposition 218 or the Omnibus Act that casts doubt on our interpretation. There is no basis to conclude Proposition 218 expressly or impliedly repealed section 329.5.

C. *Barratt Waived Any Argument That Proposition 218 Preempts Section 329.5*

Barratt additionally contends that because article XIII D, section 4 and Government Code section 53753 of the Omnibus Act prescribe the proceedings for adoption of an assessment, the City no longer has constitutional authority to prescribe its own proceedings for the creation of assessments; that the constitutional provision "totally preempt[s]" assessments whose proceedings are "prescribed by the legislative body of any chartered city" as set forth in section 329.5. Barratt maintains "[i]t is not legally possible" for section 329.5 to apply under these circumstances.

Assuming Barratt intended to raise a separate preemption argument, we reject it for lack of any meaningful argument supported by authority. Barratt does not set forth the standards by which a constitutional provision will be found to expressly or impliedly preempt a statute, nor does it set out preemption standards even in general. It does not provide us with reasoned analysis as to why section 329.5 either "duplicates or contradicts" article XIII D or Government Code section 53753 of the Omnibus Act so as to be preempted by those latter provisions. (E.g. *Sherwin-Williams Company v. City of Los Angeles* (1993) 4 Cal.4th 893, 897 [16 Cal.Rptr.2d 215, 844 P.2d 534] [addressing preemption of local legislation by state law].) Barratt's brief is absent any reasonable effort to develop a preemption theory and we will not develop such arguments for it. We deem it waived and pass on it without consideration. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481].)

D. *The Continuous Accrual Theory Is Inapplicable*

Finally, we reject Barratt's suggestion that the theory of continuous accrual renders its lawsuit timely. That theory was applied by the California Supreme Court in *Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809 [107 Cal.Rptr.2d 369, 23 P.3d 601] (*Howard Jarvis*), in which the court held a new violation of Proposition 62 occurred, and a separate limitations period ran, every time a city sought to collect a tax under an ordinance that had not been approved by the requisite majority vote of the electorate. (*Id.* at pp. 821–822.) Barratt contends this doctrine applies because article XIII D, section 5 is "violated continuously and each day so long as the non-conforming assessment exists and the City fails to bring it into compliance."

We conclude this matter is more akin to *Utility Cost Management v. Indian Wells Valley Water District* (2001) 26 Cal.4th 1185 [114 Cal.Rptr.2d 459, 36 P.3d 2], in which the California Supreme Court held an action

seeking a refund of allegedly excessive capital facilities fees was governed and barred by the 120-day limitations period of Government Code section 66022. (*Indian Wells*, at pp. 1187, 1190–1192.) Government Code section 66022 provides that "[a]ny judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion adopting a new fee or service charge, or modifying or amending an existing fee or service charge, adopted by a local agency . . . shall be commenced within 120 days of the effective date of the ordinance, resolution or motion." The *Indian Wells* court rejected application of the continuous accrual theory and distinguished its decision in *Howard Jarvis*: "[In *Howard Jarvis*], we were construing the three-year statute of limitations applicable to 'an action upon a liability created by statute.' [Citation.] That statute ran from the date the action accrued, which we construed to mean the date the tax was collected. [Citation.] Government Code section 66022, however, expressly states that it runs from the 'effective date' of the fee legislation. Therefore assuming section 66022 applies, its express language is controlling in this regard." (*Indian Wells, supra*, 26 Cal.4th at p. 1195.)

■ Similar to Government Code section 66022, Code of Civil Procedure section 329.5 contains express language stating when the statute runs, identifying the date the assessment is levied. Its express language is controlling as to the accrual of Barratt's cause of action challenging the assessment. Barratt argues, however, that the levy is irrelevant when it is the "ongoing unconstitutional existence" of the nonconforming assessment that triggers accrual. Essentially, Barratt would have us hold that it suffered a new injury each day the City did not bring the assessment into compliance. This reasoning is unsound. If Barratt sustained any injury from imposition of the FBA assessment and became entitled to a legal remedy, it was when the City levied it in June of 2002. (See *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397 [87 Cal.Rptr.2d 453, 981 P.2d 79] [explaining general rule for accrual of civil causes of action].) Further, we will not adopt a different date of accrual if a statute prescribes the date of accrual. (§ 312; accord *Howard Jarvis, supra*, 25 Cal.4th at p. 815 [where no different time of commencement is stated in a statute the limitations period begins when plaintiffs cause of action accrued].) We will not apply the continuous accrual theory here because it would impermissibly read the date-of-levy requirement out of section 329.5.

## II. *Barratt's Remaining Contentions*

Given our conclusion that Barratt's challenge to the validity of the FBA resolution is barred as untimely under section 329.5, we do not reach the question whether the benefit assessment violates Proposition 218, or whether it is a fee or charge imposed as a condition of property development that is exempt from Proposition 218.

## DISPOSITION

The judgment is affirmed.

McConnell, P. J., and Aaron, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 14, 2004.