Filed 5/5/14  Borst v. The City of El Paso De Robles CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| JOHN E. BORST, | 2d Civil No. B247408 |
| Plaintiff and Appellant, | (Super. Ct. No. CV 09-8117) |
| | (San Luis Obispo County) |
| v. | |
| THE CITY OF EL PASO DE ROBLES, | |
| Defendant and Respondent. | |

John E. Borst, Brooke G. Mayo, and Teresa St. Clair appeal from the judgment entered after the trial court granted a motion for summary judgment filed by respondent City of El Paso De Robles (City).  Appellants brought a class action against City seeking the refund of water and sewer service fees that they and members of the class had paid pursuant to three ordinances enacted by City.  Appellants also sought declaratory and injunctive relief.  We conclude that appellants are precluded from pursuing their refund claim because they did not pay the challenged fees under protest.  In addition, we conclude that the cause of action for declaratory and injunctive relief is moot because City has enacted new ordinances that supersede the three ordinances in question.  Accordingly, we affirm.

*Background*

The operative pleading is the "first amended individual and class action complaint" (complaint) filed in July 2009. The complaint alleges that appellants are bringing the action on behalf of themselves and "all other similarly situated individuals and businesses who pay or paid water fees and sewer fees to [City]."

The complaint consists of two causes of action. The first cause of action alleges that, without complying with Proposition 218, City enacted three ordinances imposing water and sewer service fees that were actually "Utility User[] Taxes." "Utility User Taxes must be enacted in compliance with Proposition 218." Appellants sought "[a] refund . . . for themselves and for each payer of the Sewer and Water Fees imposed . . . ."

"Adopted by California voters in November 1996, Proposition 218 added articles XIII C and XIII D to the California Constitution. Proposition 218 generally prohibits local governments from imposing taxes without voter approval. [Citation.]" (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 128.) " 'Article XIII C concerns voter approval for local government general taxes and special taxes. Article XIII D sets forth procedures, requirements and voter approval mechanisms for local government assessments, fees and charges.' " (*City of Palmdale v. Palmdale Water Dist.* (2011) 198 Cal.App.4th 926, 931.) Article XIII D, Section 6, subdivision (c) exempts property-related fees and charges from the voter approval requirement if they are imposed for sewer, water, and refuse collection services. (See *Bighorn-Desert View Water Agency v. Verjil* (2006) 39 Cal.4th 205, 215 [" 'article XIII D, section 6[, subdivision (c)] . . . expressly excludes "fees or charges for sewer, water, and refuse collection services" from the voter approval requirements that article XIII D imposes on property-related fees and charges' "].)

The three ordinances challenged by appellants are No. N.S. 841 (Ordinance 841), No. N.S 875 (Ordinance 875), and No. N.S. 882 (Ordinance 882). Ordinance 841 amends section 14.16.020 of the City Code. It was adopted by the City Council on October 1, 2002. The ordinance imposes a base sewer service charge effective March 1, 2002, increasing on January 1 of each succeeding year through January 1, 2004.

2

"Effective July 1, 2004, the sewer service charges . . . shall be modified annually each July 1 by the increase in the Consumer Price Index . . . ."

Ordinance 875 amends sections 14.16.020 and 14.04.020, subdivision C of the City Code. It was adopted on May 4, 2004. Effective July 1, 2004, the ordinance increases the base sewer service charge and the base water usage fee.

Ordinance 882 amends section 14.04.020, subdivision C of the City Code. It was adopted on August 17, 2004. According to the ordinance's preamble, its purpose is to increase water user fees to finance City's participation in the Nacimiento Water Project, which "will help assure a high quality and continuous supply of water to its citizens." The monthly increase is "$6.00 every July 1st beginning 2005 and continuing through 2010."

The first cause of action of appellants' complaint asserts that these three ordinances were enacted "not to pay the costs for the water and sewer services that were consumed by the taxpayers, but as a revenue enhancement device to raise money for the future construction of water delivery systems, treatment system and sewer infrastructure improvements." Since the ordinances "have no relationship to the present costs of City water and sewer/usage consumption," they impose "Taxes for which voter approval is required" pursuant to Proposition 218, not property-related fees for which voter approval is not required. "By failing to comply with Proposition 218 and to obtain voter approval of the Utility Taxes and Tax increases, the City exceeded its authority and enacted illegal Fees and/or taxes."

The second cause of action is for declaratory and injunctive relief. It seeks a declaration that the water and sewer service fees were unlawfully imposed by City in violation of Proposition 218. In addition, it seeks an order "requiring that the Defendant City cease and desist the collection of the subject Illegal Tax."[1]

---

[1] This is the second time that appellant Borst and City have appeared before this court. On September 25, 2012, in a separate action we filed an unpublished opinion affirming a judgment of dismissal entered after the trial court sustained City's demurrer without leave to amend. (*Borst v. City of El Paso De Robles*, No. B238167.) Borst's

City filed a motion for summary judgment. City contended that the three ordinances did not violate Proposition 218 because they imposed "property-related user fees" for which voter approval is not required. In any event, City maintained that appellants were not entitled to a refund because they did not pay the challenged fees under protest. Moreover, appellants were not entitled to the requested declaratory and injunctive relief because the ordinances in question "have been superseded by the City's adoption of subsequent Ordinances imposing sewer and water user fees."

In support of its motion for summary judgment, City included a declaration from James D. Throop, City's Director of Administrative Services. Throop declared: "I . . . searched City records to determine whether [appellants] have paid any water user fees or sewer user fees under protest since 2002. If a fee payor submitted a formal written protest in connection with the payment of water or sewer user fees, such documentation would be retained by the Administrative Services Department. The Administrative Services Department has no record of ever having received any written protests submitted in connection with the payment of any water user fees or sewer user fees by [appellants] since 2002."

In October 2012 the trial court filed a 12-page ruling on the motion for summary judgment. It concluded that, as a matter of law, the first cause of action fails because the water and sewer service charges were property-related fees, not illegal utility taxes. Furthermore, appellants are not entitled to a refund because they did not pay the

---

complaint against City alleged that Ordinance No. 973 N.S. was invalid because it had not been approved by the voters as required by Proposition 218. The ordinance amended the City Code to establish a uniform consumption-based water fee structure. We determined that Borst's action was "barred by the primary aspect of res judicata (claim preclusion)." (Slip opinion, p. 5.) We noted that, in a previous action brought by Borst against City, he had unsuccessfully "sought to invalidate as special taxes the identical consumption-based water fees imposed" by Ordinance No. 967 N.S., the predecessor of Ordinance No. 973 N.S. (*Ibid*.) In the previous action the trial court concluded that the water fees were property-related fees that did not require voter approval.

challenged fees under protest as required by Health and Safety Code section 5472.[2]
Finally, the court determined that the second cause of action for declaratory and
injunctive relief "is moot because [the] ordinances have been superseded."

*Standard of Review*

"The purpose of the law of summary judgment is to provide courts with a
mechanism to cut through the parties' pleadings in order to determine whether, despite
their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v.
Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) A motion for summary judgment
"shall be granted if all the papers submitted show that there is no triable issue as to any
material fact and that the moving party is entitled to a judgment as a matter of law."
(Code Civ. Proc., § 437c, subd. (c).)

On appeal we conduct a de novo review, applying the same standard as the trial
court. (*AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061,
1064.) "We must presume the judgment is correct . . . ." (*Jones v. Department of
Corrections and Rehabilitation* (2007) 152 Cal.App.4th 1367, 1376.) Thus, "[o]n review
of a summary judgment, the appellant has the burden of showing error, even if he did not
bear the burden in the trial court. [Citation.]" (*Claudio v. Regents of University of
California* (2005) 134 Cal.App.4th 224, 230.)

*The First Cause of Action Is Barred Because Appellants*

*Did Not Pay the Challenged Fees under Protest*

The Health and Safety Code establishes the general framework for challenging
water and sewer service fees. Section 5471, subdivision (a) empowers a city to impose
"charges for services and facilities furnished by it . . . in connection with its water . . . or
sewerage system."[3] Section 5472 provides that any person may pay such "charges under

---

[2] All statutory references are to the Health and Safety Code unless otherwise
stated.

[3] Section 5471, subdivision (a) provides in full: "In addition to the powers granted
in the principal act, any entity shall have power, by an ordinance approved by a two-
thirds vote of the members of the legislative body thereof, to prescribe, revise and collect,
fees, tolls, rates, rentals, or other charges for services and facilities furnished by it, either

protest and bring an action against the city . . . in the superior court to recover any money which the legislative body refuses to refund. Payments made and actions brought under this section, shall be made and brought in the manner provided for payment of taxes under protest and actions for refund thereof in Article 2, Chapter 5, Part 9, of Division 1 of the Revenue and Taxation Code, insofar as those provisions are applicable."

"The plain language of section 5472 thus contemplates payment [of water and sewer service charges] under protest, followed by an action if the payer is unable to secure a refund." (*Los Altos Golf and Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 205 (*Los Altos Golf*).) The payment under protest requirement serves an important purpose: "The filing of a protest has two purposes, to serve notice on the government of the dissatisfaction of the taxpayer, and to define the grounds on which the taxpayer stands. [Citations.] 'Otherwise, the "[t]axes for several years could be collected and disbursed by the taxing authority in reliance upon the apparent validity of such taxes. A subsequent refund of such taxes could create serious financial problems for the taxing authority." ' [Citations.]" (*Adams v. Friganza* (Mo.App. E.D. 2011) 344 S.W.3d 240, 248.)

City contends that, because appellants did not pay the challenged fees under protest, they are precluded from bringing an action against City to recover these fees. *Los Altos Golf*, *supra*, 165 Cal.App.4th 198, supports City's position. There, the plaintiffs brought a class action to recover fees paid for sewer service provided by the City of Los Altos. The plaintiffs alleged that the fees had been imposed in violation of the California Constitution, Article XIII D, as added by Proposition 218. The defendants "demurred to all causes of action on the ground that [the plaintiffs] had not perfected a claim for refund, because they had not paid the fees under protest [pursuant to section 5472]. . . . [T]he [trial] court agreed with [defendants] and sustained [the] demurrer without leave to amend." (*Id*., at p. 202, fn. omitted.)

---

within or without its territorial limits, in connection with its water, sanitation, storm drainage, or sewerage system."

The appellate court upheld the trial court's "determination that payment 'under protest' was necessary before pursuing a claim for refund of fees asserted to be invalid." (*Los Altos Golf*, *supra*,165 Cal.App.4th at p. 201.)  The appellate court explained: "Section 5472 . . . specifically addresses challenges to sewer charges."  (*Id*., at p. 204.) "We cannot subscribe to [plaintiffs'] suggestion that there are various optional methods for obtaining refunds of sewer charges. . . . [S]ection 5472 allows a person to pay the charges *under protest* and then bring an action to recover any amount the entity has refused to refund, in accordance with Chapter 5, Article 2 of the Revenue and Taxation Code (section 5140 et seq.) which governs refund *actions*."  (*Id*., at p. 205.)  "A property owner who wishes to challenge sewer fees will readily see that the governing provisions are set forth in the Health and Safety Code, which continues to require payment under protest."  (*Id*., at p. 207.)  "Of course users of sewer services *may* challenge excessive fees if they wish to do so; but the manner in which they assert that challenge is prescribed by the statute."  (*Id*., at p. 206.)

The reasoning of *Los Altos Golf* is persuasive and dispositive of appellant's first cause of action for a refund of water and sewer service charges collected pursuant to the three ordinances.  Accordingly, we need not consider whether the ordinances imposed property-related fees for which voter approval is not required, or whether the ordinances were invalid because their enactment failed to comply with certain procedural requirements of Proposition 218.[4]  Since appellants did not pay the challenged fees under protest, they are barred from litigating the first cause of action.

---

[4] City concedes that it "did not follow the Proposition 218 [notice and hearing] procedures due to an ambiguity in the law at the time the fees were enacted in 2002 and 2004."  City continues, "That ambiguity was dispelled in *Bighorn*[-*Desert View Water Agency v. Verjil*, *supra*, 39 Cal.4th at p. 217], when the California Supreme Court held that fees for water service were deemed to be property-related fees subject to Proposition 218 procedures."  Article XIII D, section 6, subdivision (a) sets forth the notice and hearing procedures with which City did not comply: "Once the amount of the fee per parcel is calculated, the agency must provide written notice to each affected property owner and the opportunity to protest the fee.  At the public hearing, the government agency is to tabulate the written protests to the proposed fee, and if a majority of owners

Appellants argue that the protest requirement of section 5472 is inapplicable here because the statute expressly provides that it applies only "[a]fter . . . charges are fixed pursuant to this article," i.e., article 4, chapter 6, part 3, of Division 5 of the Health and Safety Code. Appellants assert that the charges imposed by the three ordinances were not "fixed pursuant to this article" because the ordinances were not enacted in compliance with Proposition 218. We disagree. The charges were "fixed pursuant to this article" because the three ordinances were passed by more than a two-thirds vote of the City Council. Section 5471, subdivision (a) provides that "any entity shall have power, by an ordinance approved by a two-thirds vote of the members of the legislative body thereof," to impose water or sewer service charges. In its ruling on the motion for summary judgment, the trial court found that City had "used the Health and Safety Code section 5470 et. seq. to set the subject fees. This process does not require the individualized notices required by Article 13D. It requires an ordinance adopted by two-thirds of the legislative body."

In any event, nothing in the language of Proposition 218 manifests an intent to abrogate the established procedure of section 5472 for seeking a refund of water or sewer service charges. "Proposition 218 . . . conflicts with and renders unconstitutional contradictory procedures or process leading to the *adoption or levy* of an assessment falling within its ambit. It does not conflict with process or procedures relating to the timing [or filing] of legal challenges to such an assessment." (*Barratt American, Inc. v. City of San Diego* (2004) 117 Cal.App.4th 809, 818.)

Appellants contend that they substantially complied with section 5472 because in December 2008, three months before filing their original complaint, they filed claim forms with City pursuant to Government Code section 910 (section 910). But section 910 does not apply to a claim for refund of water or sewer service fees. Government Code section 905, subdivision (a) provides that section 910 is inapplicable to "[c]laims

of the identified parcels protests, the fee will not be imposed. (Art. XIII D, § 6, subd. (a).)" (*Greene v. Marin County Flood Control & Water Conservation Dist.* (2010) 49 Cal.4th 277, 286.)

under the Revenue and Taxation Code or other statute prescribing procedures for the refund . . . of any tax, assessment, fee, or charge or any portion thereof, or of any penalties, costs, or charges related thereto."  In *Ardon v. City of Los Angeles* (2011) 52 Cal.4th 241, 251, our Supreme Court noted that it had previously held that "a class claim by taxpayers for a tax refund against a local governmental entity is permissible under section 910 *in the absence* of a specific tax refund procedure set forth in an applicable governing claims statute."  (Italics added.)  Section 5472 provides a specific procedure for the refund of water or sewer service fees.  Thus, the relevant claims statute is section 5472, not section 910.  Section 5472 requires that the fees be paid under protest.

Appellants maintain that City waived or forfeited the requirement that the fees be paid under protest because it did not object to the filing of their section 910 claim forms. Government Code section 911 provides:  "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8 . . . ."  City, however, is not contending that appellants' section 910 claim forms were insufficient because of a defect or omission.  City is correctly contending that section 910 is inapplicable because the relevant claims statute is section 5472.  This contention is not waived under Government Code section 911.

Finally, appellants appear to argue that City is equitably estopped from asserting that they failed to comply with the payment under protest requirement because, in not protesting, they and other citizens were relying upon City's false representation that the enactment of the three ordinances did not violate Proposition 218.[5]  "Witkin explains that

---

[5] Appellants assert: "The City violated the Proposition 218 provisions and citizen rights to enact property related fees.  [Citations.]  In fact, the City specifically communicated to citizens that its actions to enact the fees did not require Proposition 218 compliance.  [Citation.]  Based upon the citizens' reliance upon the City's statements concerning lawfulness of its actions, no protests were filed to the Ordinances and the citizens paid these charges.  [Citations.]  Therefore, the elements of equitable estoppel are met."

'[a] valid claim of equitable estoppel consists of the following elements: (a) a representation or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly, of the truth (d) with the intention, actual or virtual, that the ignorant party act on it, and (e) that party was induced to act on it.'  (13 Witkin, Summary of Cal. Law (10th ed. 2005) Equity, § 191, pp. 527–528.)"  (*Behnke v. State Farm General Ins. Co.* (2011) 196 Cal.App.4th 1443, 1462.)  The doctrine of equitable estoppel does not apply here.  City never represented to appellants or other citizens that they could bring an action against City to recover water and sewer service charges without complying with the payment under protest requirement of section 5472.

*The Second Cause of Action for Declaratory and Injunctive Relief Is Moot*

The second cause of action seeks a declaration that the three ordinances are invalid because they were enacted in violation of Proposition 218.  In addition, it seeks an order "requiring that the Defendant City cease and desist the collection of the subject Illegal Tax."

The three ordinances have been superseded by Ordinance No. 973 N.S. (Ordinance 973) and Ordinance No. 975 N.S. (Ordinance 975).  Ordinance 973 was adopted on April 19, 2011.  It provides that the water rates established by ordinance 882 shall remain in effect through December 31, 2011.  Thereafter, section 14.04.020, subdivision C of the City Code "is hereby revised in its entirety" to establish a uniform consumption-based water fee structure.[6]

Ordinance 975 was adopted on December 6, 2011.  It provides that, effective July 1, 2012, section 14.16.020 of the City Code "is hereby revised in its entirety" to establish a uniform sewer service fee structure based on metered water use.

Appellants do not dispute that Ordinance 973 and Ordinance 975 have superseded the three ordinances in question.  They argue that this court should " 'exercise its discretion to decide a moot controversy' " because the issues "are patently issues of broad

_____

[6] The primary aspect of res judicata (claim preclusion) bars appellant Borst from challenging the validity of Ordinance 973.  See footnote 1, *ante*.

public interest that will recur."  (See *In re William M.* (1970) 3 Cal.3d 16, 23 ["if a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot"].)

We decline to exercise our discretion to resolve the issues presented by the three superseded ordinances.  The issues turn upon the ordinances' particular provisions, underlying facts, and manner of enactment.  For example, in their reply brief appellants acknowledge that "the charges at issue in this case are flat rate charges -- compulsory charges that are not affect[ed] by the consumptive actions of the payor or payors use of his or her property . . . ."  New ordinances 973 and 975, on the other hand, impose consumption-based fees.  Accordingly, we cannot conclude that the issues pertaining to the superseded ordinances are likely to recur.

*Disposition*

The judgment is affirmed.  City shall recover its costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

11

Jac A. Crawford, Judge

Superior Court County of San Luis Obispo

_____


Huskinson, Brown & Heidenreich; David W. T. Brown and Paul E. Heidenreich, for Appellant.


Iris P. Yang, Kimberly E. Hood and Irene S.Zurko; Best, Best & Kreiger, for Respondent.