Filed 4/7/17

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----


| | |
|---|---|
| MANTECA UNIFIED SCHOOL DISTRICT, | C077906 |
| Plaintiff, Cross-defendant and Appellant, | (Super. Ct. No. 39201100273848CUMCSTK) |
| v. | |
| RECLAMATION DISTRICT NO. 17 et al., | |
| Defendants, Cross-complainants and Appellants. | |


APPEAL from a judgment of the Superior Court of San Joaquin County, Bobby W. McNatt, Judge.  Reversed.

Atkinson, Andelson, Loya, Ruud & Romo, Michael J. Baker, David A. Soldani and Jennifer D. Cantrell for Plaintiff, Cross-defendant and Appellant.

Burke, Williams & Sorensen, Megan A. Burke; California School Boards Association, Keith Bray and Joshua Daniels for California School Boards Association Education Legal Alliance as Amicus Curiae on behalf of Plaintiff, Cross-defendant and Appellant.

Freeman Firm, Thomas H. Keeling and Michael N. Morlan for Defendants, Cross-complainants and Appellants.

1

Downey Brand, Scott L. Shapiro, Andrea P. Clark and Amanda M. Pearson for California Central Valley Flood Control Association as Amicus Curiae on behalf of Defendants, Cross-complainants and Appellants.

Neumiller & Beardslee, Daniel J. Schroeder and Caitlin R. Dwelley for Reclamation District No. 1608 and Reclamation District No. 1614 as Amici Curiae on behalf of Defendants, Cross-complainants and Appellants.

At its core, this case involves the interpretation, and application of Water Code section 51200 and articles XIII C and XIII D of the California Constitution, as approved by California voters in 1996 as Proposition 218, and the interplay between them.[1] Defendants and cross-complainants Reclamation District No. 17 and Governing Board of Reclamation District 17 (collectively Reclamation) maintain levees and other reclamation works within the district's boundaries. Plaintiff and cross-defendant Manteca Unified School District (School) owns real property within Reclamation's boundaries. School filed an action for declaratory relief, arguing section 51200 exempts it from paying assessments to Reclamation and Proposition 218 does not confer such authority. School also sought recovery of over $299,000 previously collected by Reclamation. Reclamation answered and cross-complained for declaratory relief.

The trial court found the assessments levied by Reclamation were invalid under section 51200 but denied recovery of assessment payments made during the pendency of the action and concluded School's action was not barred by the statute of limitations. Reclamation appeals, arguing section 51200 and Proposition 218 allow assessments against school district property unless the district can show through clear and convincing evidence that the property receives no special benefit. School cross-appeals, contending

---

[1] All further statutory references are to the Water Code unless otherwise designated.

2

the trial court erred in denying recovery for assessments paid during the pendency of the case.

The trial court erred in declining to apply the constitutional mandate of Proposition 218 to the statutory exemption from assessments provided by section 51200. Accordingly, we reverse the judgment and dismiss the cross-appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed and are set forth in the joint statement of facts.

Reclamation, located in San Joaquin County, annually assesses properties for which it provides flood control and drainage benefits. School is a public school district that owns real property within Reclamation's boundaries.

In 1951 the Legislature adopted section 51200, which was derived from former Political Code section 3456c. Section 51200 states, in pertinent part: "The assessment levied by a [reclamation] district shall include all lands and rights of way within the district, owned by the State or by any city, county, public corporation, or utility district formed under the laws of the State *other than public roads, highways, and school districts*." (§ 51200, italics added.)

**Proposition 218**

In 1996 California voters approved Proposition 218, entitled "Voter Approval for Local Government Taxes. Limitations on Fees, Assessments, and Changes. Initiative Constitutional Amendment." The proposition added articles XIII C and XIII D to the California Constitution. Section 4, subdivision (a) of article XIII D states: "Parcels within a district that are owned or used by any agency [or] the State of California . . . shall not be exempt from assessment unless the agency can demonstrate by clear and convincing evidence that those publicly owned parcels in fact receive no special benefit."

Section 1 of article XIII D provides: "Notwithstanding any other provision of law, the provisions of this article shall apply to all assessments, fees and charges, whether

3

imposed pursuant to state statute or local government charter authority. Nothing in this article . . . shall be construed to:

"(a) Provide any new authority to any agency to impose a tax, assessment, fee, or charge." (Cal. Const., art. XIII D, § 1, subd. (a).)

**2008 Assessment**

Reclamation, in 2008, determined it needed to construct a new levee seepage project requiring an increased operation and maintenance assessment. The project would protect property from floodwaters and would necessitate the borrowing of funds from various sources, and Reclamation would use the funds generated by the new assessment to repay indebtedness.

In July 2008 Reclamation held an assessment ballot proceeding in which landowners within the district could cast their votes for or against an increased assessment to fund the levee seepage project. Landowners received an official assessment ballot. The ballot asked for a yes or no vote on the following: "Commencing with the current fiscal year 2008-2009 . . . Reclamation . . . may increase the annual assessment to new maximum annual assessment rates based on use as per the Reclamation . . . Assessment Engineer's Report dated May 15, 2008. The assessments are to be used for operation, levee maintenance, levee seepage projects, levee improvement projects, repayment of interim financing for pre-construction and initial construction activities and service and retirement of bonds."

School participated in the 2008 assessment ballot proceeding by casting four ballots marked "Yes I approve." The proposed new assessment was approved 69.05 percent to 30.95 percent. The assessment would have passed even if School had voted against it.

Subsequently, Reclamation filed a certification of assessment with San Joaquin County based on the adoption of the assessment. Reclamation's board of trustees adopted resolutions annually that authorized a levy of assessment.

4

By letter dated October 30, 2008, Reclamation sent School an assessment invoice for fiscal year 2008-2009 in the amount of $99,915.57.  The letter stated, in part:  "You are being directly billed for your parcels because you do not receive a regular property tax bill from San Joaquin County.  For most parcels within RD17 the regular property tax bill includes the RD17 assessment as a separate line item.  [¶]  Since 'Proposition 218' was adopted, all benefitted parcels are to be assessed including those held by public entities."  School paid the bill in full.  School also paid annual assessment billings for similar amounts in fiscal years 2009-2010 and 2010-2011.

In a letter to Reclamation dated June 10, 2011, counsel for School asserted that "Water Code section 51200 exempts school district property from the levy of such assessments."  Counsel for Reclamation responded by letter dated June 27, 2011, challenging School's position.

**Subsequent Proceedings**

In December 2011 School filed an action for declaratory relief, challenging the authority of Reclamation to assess School property and seeking reimbursement for payments made.  Reclamation answered, asserting the statute of limitations among other defenses, and cross-complained against School for declaratory relief.

Following oral argument, the trial court issued its tentative decision concluding: "Prop. 218 did NOT vitiate the provisions of the Water Code by providing some kind of new authority to local agencies to impose assessments on school districts.  The intent was to clarify limitations on such assessments, fees and charges.  The logical implication is that in the absence of a specific statutory exemption similar to . . . Section 51200, other kinds of specialized local districts (flood control, fire, police, library, etc.) could impose assessments unless the affirmative showing of 'no benefit' is made by the agency being assessed.  In reading Prop. 218 in this fashion, it can be harmonized with the provisions of . . . Section 51200 without doing violence to either."  The court further found School

not entitled to a refund of previous assessment payments, but any future assessment payments were invalid under section 51200.

The trial court entered judgment in favor of School and found that Reclamation's assessment of School's property was invalid under section 51200. The court also concluded School's action was not barred by the statute of limitations but denied School's request for refund or reimbursement of assessments paid, including those paid subsequent to the filing of the lawsuit.

Following entry of judgment, Reclamation filed a timely notice of appeal. School filed a timely notice of cross-appeal.[2]

## DISCUSSION

### I

Under Proposition 218, a local agency imposing an assessment has the burden of proving its assessment is valid. (Cal. Const., art. XIII D, § 4, subd. (f); *Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 444-445 (*Silicon Valley*).) Because the purpose of Proposition 218 was to limit government's power to exact revenue and to curtail the deference traditionally accorded legislative enactments on fees and assessments, we do not defer to an agency in its adoption of an assessment. Instead, we exercise our independent judgment in determining whether a local agency's decision to adopt an assessment complies with state law. (*Silicon Valley,* at pp. 448-459.)

In determining the meaning of an effect of Proposition 218, we apply principles of constitutional interpretation to effectuate the intent of those who enacted the constitutional provision. The process resembles our interpretation of statutes: if the

---

[2] We granted requests by the California Central Valley Flood Control Association, Reclamation District No. 1608 and Reclamation District No. 1614, and the California School Boards Association Educational Legal Alliance to file amicus curiae briefs.

6

language is clear and unambiguous, the plain meaning governs. Only if the language is ambiguous do we turn to extrinsic evidence in determining voter intent, including the Legislative Analyst's analysis and ballot arguments for and against the initiative. (*Richmond v. Shasta Community Services Dist.* (2004) 32 Cal.4th 409, 418; *People v. Canty* (2004) 32 Cal.4th 1266, 1281; *Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 122.)

When considering whether the statute of limitations bars School's recovery, we review the facts de novo. (*International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611.)

## II

Here, we consider the interaction between a longstanding legislative measure, section 51200, and a relatively recent constitutional enactment, section 4, subdivision (a) of article XIII D of the California Constitution. We briefly review the history of both.

Article XIII, section 3 of the California Constitution creates an exemption from taxation for public entities. The Court of Appeal in 1928 held the exemption applies to assessments levied by reclamation districts though it recognized that the Legislature could decide to change the law. (*Reclamation District No. 684 v. East Bay Municipal Utility District* (1928) 91 Cal.App. 143, 146-148.) In 1929 the Legislature adopted former Political Code section 3456c, which gave reclamation districts express general authority to assess public property but carved out an exemption for school districts.

The Legislature in 1951 adopted section 51200, derived from former Political Code section 3456c, which grants reclamation districts the authority to assess publicly owned property: "The assessments levied by a [reclamation] district shall include all lands and rights of way within the district, owned by the State or by any city, county, public corporation, or utility district formed under the law of the State . . . ."

Section 51200 also carves out an exception to its grant of authority to assess public property: "The assessments levied by a [reclamation] district shall include all lands and

7

rights of way within the district, owned by the State or by any city, county, public corporation, or utility district formed under the laws of the State other than public roads, highways, and school districts."

The passage of Proposition 218 in 1996 changed the rules pertaining to exemptions from assessment. The proposition amended the California Constitution to provide: "Parcels within a district that are owned or used by any agency [or] the State of California . . . shall not be exempted from assessment unless the agency can demonstrate by clear and convincing evidence that those publicly owned parcels in fact receive no special benefit." (Cal. Const., art. XIII D, § 4, subd. (a).) As amended by Proposition 218, the Constitution also states, "[n]otwithstanding any other provision of law, the provisions of this article shall apply to all assessments, fees and charges, whether imposed pursuant to state statute or local government authority. . . ." (Cal. Const., art. XIII D, § 1.)

Reclamation argues section 51200 expressly authorizes reclamation districts to assess publicly owned property and carves out an exception for school district property. Section 4, subdivision (a) of article XIII D, in turn, conditions this continuing exemption on a showing by clear and convincing evidence that the property receives no special benefit. For the purposes of this appeal, School concedes it does receive a special benefit and that its share of the assessment is proportional.

On their face, Water Code section 51200 and California Constitution, article XIII D, section 4 appear clear and unambiguous. Under section 51200, school districts are exempt from reclamation district assessments. Describing property subject to assessment, section 51200 broadly includes "all lands and rights of way within the district, owned by the State or by any city, county, public corporation, or utility district" but excludes certain "other" property with the qualifying phrase: "other than public roads, highways and school districts." Under section 51200, school districts are "exempt" from reclamation district assessment, i.e. "free or released from some liability

8

or requirement to which others are subject." (Merriam-Webster's 11th Collegiate Dict. (2006) p. 437.) However, the Constitution, Article XIII D, section 4, subdivision (a), which supersedes section 51200 in both time and stature, commands that "Parcels within a district that are owned or used by any agency [or] the State of California . . . shall not be exempted from assessment unless the agency can demonstrate by clear and convincing evidence that those publicly owned parcels in fact receive no special benefit."

School disputes this interpretation. Its argument is simple: the assessment authority of reclamation districts is set forth in section 51200 and that authority is limited in scope. It does not presently include, and did not at the time the voters passed Proposition 218 and enacted article XIII D include, the authority to assess public school districts. The passage of Proposition 218 did not confer new authority to Reclamation to levy assessments against School; indeed, section 1 of article XIII D of the California Constitution expressly provides that, "Nothing in this article . . . shall be construed to:

"(a) Provide any new authority to any agency to impose a tax, assessment, fee, or charge." (Cal. Const., art. XIII D, § 1, subd. (a).)

Thus, the exemption language of article XIII D has no application to school districts as they are outside the assessment authority of reclamation districts. The trial court agreed with School's conclusion and found the assessment invalid. We do not.

As provided in Proposition 218, article XIII D, section 4, subdivision (a) is narrowly tailored to address exemptions from assessment and does so by conditioning the continuation of any existing exemption from an existing assessment authority upon a showing of no special benefit. No reference to assessment authority was necessary where such authority can be found elsewhere. Reclamation districts possess the authority to assess publicly owned property under section 51200.

School argues that whether the issue is framed as an exemption or an absence of authority, Reclamation "does not, under Water Code section 51200, have the power to levy assessment on school district property." According to School, school districts have

9

never been within the ambit of reclamation districts' assessment power and Proposition 218 did not broaden this authority.

School is correct that section 51200 does not specifically permit reclamation districts to assess school property. Rather the statute broadly authorizes assessment of publicly owned property but "exempts" i.e., renders school districts "free from [the] obligation" to which any other "city, county, public corporation, or utility district" would be subject. The effect of section 4 is to the render a school district subject to assessments that apply to other entities unless the district can demonstrate it receives no special benefit. Under School's logic, the existence of an exemption means there was no authority and since no authority existed, the attempt by the people through section 4 to bring school districts within the scope of that authority fails. This means that an exemption from assessment authority, once enacted, can only be qualified by reenacting the authority with the qualified exemption expressly set forth therein. Were we to employ School's interpretation, section 4, subdivision (a) of article XIII D of the California Constitution would become meaningless.

School also argues California Constitution, article XIII D, section 4, subdivision (a) was intended to apply to a subset of statutes that do not include Water Code section 51200. School divides assessment statutes into three categories: "(1) those that expressly authorize assessments on public property; (2) those that expressly exclude assessments on public property; and (3) those that do not expressly mention public property either way, but instead apply generally to all property within the assessment district." School contends section 4, subdivision (a) does not apply to the second category, a category that includes section 51200. According to School, section 4, subdivision (a) applies only where the assessing district possesses discretionary authority to assess public property.

But these arguments limiting California Constitution, article XIII D, section 4, subdivision (a) directly conflict with section 1 of that article: "Notwithstanding any other provision of law, the provisions of this article shall apply to all assessments, fees and

charges, whether imposed pursuant to state statute or local government charter authority. . . ." (Cal. Const., art. XIII D, § 1.) The plain language of section 1 encompasses all exemptions existing under any provision of California law.

Nor does the language of California Constitution, article XIII D, section 4, subdivision (a) support School's arguments. Nothing in that section reflects an intent to formulate a narrow application. The Supreme Court has not recognized any such limitation, stating: "For an assessment to be valid, the properties must be assessed in proportion to the special benefits received: 'No assessment shall be imposed on any parcel which exceeds the reasonable cost of the proportional special benefit conferred on that parcel.' (Art. XIII D, § 4, subd. (a).)" (*Silicon Valley*, *supra*, 44 Cal.4th at p. 456.)

Finally, School argues that reading California Constitution, article XIII D, section 4, subdivision (a) as applicable to exempted school district property would constitute a repeal of a portion of Water Code section 51200. In support, School cites *Barratt American, Inc. v. City of San Diego* (2004) 117 Cal.App.4th 809 (*Barratt*). In *Barratt*, a taxpayer suit challenged a city resolution authorizing a facilities benefit assessment. The action was filed more than 30 days after the resolution was approved, and the city demurred based on the statute of limitations. The demurrer was sustained without leave to amend. (*Id*. at pp. 813-814.) On appeal, the taxpayer argued the 30-day limitation period of Code of Civil Procedure section 329.5 was abrogated by Proposition 218. (*Barratt*, at p. 814.) The appellate court rejected the argument, finding neither Proposition 218 nor its implementing legislation mention Code of Civil Procedure section 329.5 or include a conflicting statute of limitations. The court concluded: "Proposition 218 thus conflicts with and renders unconstitutional contradictory procedures or process leading to the *adoption or levy* of an assessment falling within its ambit. It does not conflict with process or procedures relating to the timing of legal challenges to such an assessment." (*Barratt*, at p. 818.) The court found no implied repeal of the statute of limitations and affirmed the judgment. (*Id*. at pp. 818, 820.)

11

School argues *Barratt* holds Proposition 218 did not result in an implied repeal of existing law, and "when Proposition 218 intended to supplant or repeal existing statutes, it did so expressly."  We do not disagree, but find that section 4, subdivision (a) of article XIII D of the California Constitution unambiguously conditions any continuing benefit assessment exemption on a showing by clear and convincing evidence of no special benefit.  Our reading of the statute does not implicitly repeal Water Code section 51200.

We find the trial court erred in concluding section 4, subdivision (a) of article XIII D of the California Constitution was inapplicable to School and invalid under Water Code section 51200.[3]  Accordingly, we reverse the judgment.

### DISPOSITION

The judgment is reversed and the cross appeal is dismissed.  Reclamation shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3).)


                                           RAYE             , P. J.



We concur:



         ROBIE            , J.



        DUARTE           , J.

---

[3] Our conclusion renders consideration of the statute of limitations issue unnecessary.