Filed 5/19/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THOMAS H. PADILLA, SR., et al., | H046132 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. CV307419) |
| v. | |
| CITY OF SAN JOSE et al., | |
| Defendants and Respondents. | |

Plaintiffs Thomas Padilla, Sr. and Darlene Padilla sued the City of San Jose over the way it recovers garbage collection charges. They allege the city's practice of converting past due charges to special assessments and recording liens against the property of delinquent account holders is illegal. The trial court dismissed the action after sustaining a demurrer on the ground that plaintiffs had not complied with the statutory payment under protest procedure that is required to sue for a refund of sanitation fees. We agree that plaintiffs' failure to comply with the payment under protest procedure bars their lawsuit. We will therefore affirm the judgment.

## I. BACKGROUND

Plaintiffs filed a putative class action against the City of San Jose and the County of Santa Clara. The suit seeks to recover millions of dollars in garbage collection charges paid by plaintiffs and a class of similarly situated property owners. The operative second amended complaint alleges that plaintiffs own residential property in San Jose and receive garbage collection services from the city. Plaintiffs were billed for those services but failed to pay some of the bills.

To recover the unpaid amounts, the city recorded liens on the property owned by plaintiffs.  The delinquent charges were referred to the County of Santa Clara as special assessments to be included on the property tax bill.  Plaintiffs paid the special assessments that appeared on their tax bill and the city released the liens against their property.

Plaintiffs allege that including delinquent garbage collection charges as a special assessment on the property tax bill, although a practice authorized by the San Jose Municipal Code, violates California laws regarding the recording and priority of real property liens.  The complaint seeks to recover all amounts collected that way, on behalf of the San Jose property owners who paid delinquent garbage collection charges to obtain the release of special assessment liens.  Plaintiffs ask for a refund of the money obtained through the lien process, as well as declaratory and injunctive relief.

The city and the county demurred to the second amended complaint on multiple grounds, including that plaintiffs' suit was barred because they voluntarily paid the amounts without invoking the payment under protest procedure required by Health and Safety Code section 5472.  The trial court found that complying with the payment under protest procedure is a mandatory prefiling requirement, and that plaintiffs had not complied and could not amend the complaint to cure the deficiency.  The court sustained the demurrer without leave to amend and entered judgment for defendants.

## II. DISCUSSION

A demurrer is properly sustained when the allegations in the complaint, even assuming they are true, do not support any viable cause of action.  (*Doan v. State Farm General Ins. Co.* (2011) 195 Cal.App.4th 1082, 1091.)  Whether a demurrer was correctly sustained is a question of law we review de novo.  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

The demurrer was sustained here because plaintiffs did not comply with the requirements of Health and Safety Code section 5472 in bringing an action for a refund

2

of municipal garbage collection charges. Health and Safety Code section 5472 relates to community "sanitation and sewerage systems" and provides that anyone who has paid the "fees, rates, tolls, rentals or other charges" covered by the statute may bring an action for a refund if the payment was made under protest. (Health & Saf. Code, § 5472[1]; undesignated statutory references are to this code.)

Payment under protest means giving written notice to the entity imposing the charges, at the time payment is made, indicating the payor believes the charge is invalid and intends to seek a refund. (See generally *Brill v. County of Los Angeles* (1940) 16 Cal.2d 726, 729.) The payment under protest requirement provides fiscal protection to the collecting entity, as payment received under protest puts the entity on notice that a refund may eventually be required. Payment under protest as described by section 5472 has been found to be a prerequisite to bringing an action for a refund of sewer charges. (*Los Altos Golf & County Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 207. .)

Plaintiffs do not contend they protested payment of the amounts they seek to recover. Instead, they argue the payment under protest requirement in section 5472 does not apply under these circumstances. Plaintiffs advance two arguments: First, that section 5472 does not apply to garbage collection fees. And second, that even if it does, the San Jose Municipal Code provision imposing the garbage collection fees at issue here operates independently of the Health and Safety Code. We conclude neither argument has merit.

---

[1] "After fees, rates, tolls, rentals or other charges are fixed pursuant to this article, any person may pay such fees, rates, tolls, rentals or other charges under protest and bring an action against the city or city and county in the superior court to recover any money which the legislative body refuses to refund. Payments made and actions brought under this section, shall be made and brought in the manner provided for payment of taxes under protest and actions for refund thereof in Article 2, Chapter 5, Part 9, of Division 1 of the Revenue and Taxation Code, insofar as those provisions are applicable."

By its plain language, the article where section 5472 appears (Article 4 of the Health and Safety Code, regulating "sanitation and sewerage systems") applies to garbage collection.  Article 4 is found in Division 5 of the Health and Safety Code, entitled "Sanitation."  A dictionary definition of sanitation is the "prevention of disease by maintenance of sanitary conditions (as by removal of sewage and trash)."  (Merriam-Webster Dictionary online; https://perma.cc/6CQM-QUJU [as of May 13, 2022].)  The text of each relevant Health and Safety Code section shows they apply to municipal garbage collection charges.  (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1199 [words of a statute are the most reliable indicator of legislative intent].)  Section 5472 requires payment under protest before challenging "fees, rates, tolls, rentals or other charges [] fixed pursuant to this article."  Section 5470 in Article 4 defines "[r]ates or [c]harges" to include garbage collection:  " 'Rates or charges' shall mean fees, tolls, rates, rentals, or other charges for services and facilities furnished by an entity in connection with its sanitation or sewerage systems, including garbage and refuse collection."  (§ 5470, subd. (f).)  The Legislature was clear that the charges described by section 5472 include those for garbage collection.

Plaintiffs' alternative theory, that the San Jose Municipal Code provision imposing the charges they paid operates outside the Health and Safety Code, finds no more success.  Their position is that the payment under protest requirement of section 5472 applies only to charges "fixed pursuant to this article" and the relevant portion of the San Jose Municipal Code in effect at the time plaintiffs paid their garbage fees did not fix charges pursuant to the Health and Safety Code.[2]

---

[2] We deny plaintiffs' request for judicial notice of certain San Jose Municipal Code provisions.  All relevant portions of the Municipal Code were filed in the trial court and are included in the record.  The request for judicial notice is duplicative and unnecessary to resolving the appeal.

Section 5471 gives local public entities the power to both prescribe and collect fees related to sanitation and sewerage. (See § 5471, subd. (a): "any entity shall have power, by an ordinance or resolution approved by a two-thirds vote of the members of the legislative body thereof, to prescribe, revise and collect, fees, tolls, rates, rentals, or other charges for services and facilities furnished by it, either within or without its territorial limits, in connection with its water, sanitation, storm drainage, or sewerage system.") Because the payment under protest procedure in section 5472 applies to all charges "fixed pursuant to this article," we look again to Article 4 of the Health and Safety Code to determine what is required to fix a charge "pursuant to" the article. The only requirement is found in section 5471, subdivision (a), calling for a charge to be adopted by "an ordinance or resolution approved by a two-thirds vote of the members of the legislative body thereof." The ordinance imposing the fees paid by plaintiffs (which added the relevant chapter 9.10 to the San Jose Municipal Code) was unanimously passed by the San Jose City Council in 1993 and has been amended several times through the years, always unanimously, so it satisfies the two-thirds vote requirement.

Plaintiffs concede the city council's unanimous actions but assert that fees were not fixed pursuant to the Health and Safety Code unless the ordinance specifically referenced the Code. We reject that argument because the relevant Health and Safety Code sections plainly do not require an express reference in order to fix fees pursuant to the Code, nor do they require any particular language to be recited. Plaintiffs do not point to any authority suggesting such a requirement.

Plaintiffs note the ordinance was amended in 2015—after they were billed for the fees at issue—and assert it was only with that amendment that the ordinance expressly fixed fees under the Health and Safety Code. (See San Jose Municipal Code, section 9.10.1220, as amended June 2015.) They argue the amendment's specific reference to the Health and Safety Code shows the purpose of the amendment was to implement the collection procedures allowed by the Code for municipal sanitation fees. (Section 5473

5

allows sanitation fees to be collected on the property tax roll.) We agree that the ordinance in effect at the time plaintiffs were billed did not include the collection procedures outlined by the Health and Safety Code, and that the city later amended the ordinance to implement those procedures. But the Health and Safety Code distinguishes "prescribing" fees from "collect[ing]" them (see § 5471), and it confers on local entities the power to do both. That San Jose did not initially adopt the method provided by section 5473 to *collect* garbage fees does not mean the fees were *imposed* by authority other than that conferred by section 5471.

The collection method provided by the statute is permissive, not mandatory. (See § 5473: "Any entity which has adopted an ordinance or resolution pursuant to this article [] may, by such ordinance or resolution or by separate ordinances or resolutions approved by a two-thirds vote of the members of the legislative body thereof, elect to have such charges collected on the tax roll …".) An entity's choice not to use a collection method allowed by the statute has no bearing on the rationale for requiring payment under protest. The only thing the Legislature has prescribed in order for a sanitation fee to be "fixed pursuant to" the Health and Safety Code is a two-thirds vote. Having met that requirement, the city's ordinance as originally enacted in 1993 imposed fees for garbage collection and fixed those fees pursuant to the Health and Safety Code.

Because section 5472 applies to garbage collection fees and the city fixed its fees pursuant to the Health and Safety Code, plaintiffs were required to pay under protest before suing for a refund. The failure to do that bars their action. (See *Los Altos Golf & Country Club v. County of Santa Clara*, *supra*, 165 Cal.App.4th 198, 207.) Having decided the trial court correctly sustained the demurrer for that reason, we need not address the other grounds for demurrer asserted by defendants.

We also note that this case is resolved by a procedural bar—noncompliance with a mandatory prefiling procedure. Our disposition therefore does not reach the merits of plaintiffs' challenge to collection procedures under the relevant municipal ordinance.

6

## DISPOSITION

The judgment is affirmed.  Costs are awarded to respondents by operation of rule 8.278, subdivision (a)(1) of the California Rules of Court.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H046132 - *Padilla et al. v. City of San Jose et al.***

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. CV307419 |
| Trial Judge: | Hon. Thomas E. Kuhnle |
| Counsel for Plaintiffs/Appellants<br>Darlene Padilla and Thomas H. Padilla | Gretchen M. Nelson<br>Kreindler & Kreindler LLP<br><br>Gregg A. Rapoport<br>Smith Gambrell & Russell LLP<br><br>Gabriel S. Barenfeld<br>Nelson & Fraenkel LLP |
| Counsel for Defendant/Respondent<br>City of San Jose | Margo Laskowska<br>Christopher R. Creech<br>Office of the City Attorney<br>City of San Jose |
| Counsel for Defendant/Respondent<br>County of Santa Clara | Mark F. Bernal<br>George A. Brandt<br>Office of the County Counsel<br>County of Santa Clara |